UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANN GOODFELLOW, | ) | Civil No. 09cv333-L(NLS) |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER REMANDING ACTION TO STATE COURT** |
| ROGER MERRILL *et al*., | ) ) | |
| Defendants. | ) ) ) | |

On February 19, 2009, Defendant Northwestern Mutual Investment Services, LLC ("NMIS") filed a notice of removal, removing this breach of contract, breach of fiduciary duty and fraud action from State court. The notice of removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

Original jurisdiction exists in cases of complete diversity, where each of the plaintiffs is a citizen of a different state than each of the defendants, and the amount in controversy exceeds $ 75,000. 28 U.S.C. §1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

The removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380; *Rockwell Int'l Credit Corp. v. U.S. Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987), *overruled on other grounds*, *Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991).

Regarding Plaintiff's citizenship, the notice of removal inaccurately paraphrases the allegations in the complaint, which provide the sole basis for NMIS' statement regarding Plaintiff's citizenship. (Notice of Removal at 3.) Contrary to the representations in the notice of removal, the complaint alleges that Plaintiff is a California resident, not a citizen. (Compl. at 3.) For purposes of diversity jurisdiction, it is citizenship and not residency which matters. *See* 28 U.S.C. § 1332.

More importantly, NMIS does not sufficiently state its own citizenship. It states that it is a "limited liability company organized under the laws of Wisconsin with its principal place of business in the State of Wisconsin." (Notice of Removal at 3.) The citizenship of a limited liability company for purposes of diversity jurisdiction is determined by examining the citizenship of each of its members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Properties Anchorage. L.P.*, 437 F.3d 894, 899 (9th Cir. 2006). NMIS does not allege the citizenship of each of its members.

Joined in NMIS's Notice of Removal are Defendants Commonwealth Financial Network ("Commonwealth"), Mark Eddy, Roger Merrill, Ted Legas and Richard and Janet Weiss. According to NMIS's Exhibit C, Commonwealth is a partnership formed in the State of

Massachusetts. For purposes of diversity jurisdiction, "a partnership is a citizen of all the states of which its partners are citizens." *Johnson*, 437 F.3d at 899. However, the citizenship of all of Commonwealth's partners is not stated. With regard to the individual Defendants who joined, NMIS relies on the allegations in the complaint to establish diversity jurisdiction. (Notice of Removal at 3.) However, the complaint does not allege the citizenship of any of these Defendants but only their residency. (Compl. at 3.)

Based on the foregoing, NMIS failed to meet its burden of establishing removal jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Accordingly, this action is **REMANDED** to the Superior Court of the State of California for the County of San Diego.

**IT IS SO ORDERED.**

DATED: February 23, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL